IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD RAY FOULKS,<br><br>    Defendant. | Case No. 07-cr-40020-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Donald Ray Foulks' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 258).  The Federal Public Defender's Office was invited to appear for the defendant but declined to do so.

Foulks pled guilty to one count of conspiracy to distribute more than 50 grams of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Foulks' relevant conduct was 9.9 kilograms of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 38.  This level was increased by two points because Foulks possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G. § 2D1.1(b), and decreased by three points because Foulks timely accepted responsibility for his crime, *see* U.S.S.G. § 3E1.1(a), (b), which yielded a total offense level of 37.  Considering Foulks' criminal history category of I, this resulted in a sentencing range of 210 to 262 months in prison.  However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Foulks' statutory minimum sentence was 20 years.  *See* 21 U.S.C.

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual.

1

§ 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his effective guideline sentencing range became 240 to 262 months.  The Court sentenced Foulks to serve the statutory minimum sentence of 240 months.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but did not become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2015).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  It is true that Amendment

782 amended U.S.S.G. § 2D1.1(c) to lower the defendant's base offense level from 38 to 36, thus his total offense level from 37 to 35, where his sentencing range would have been 168 to 210 months had he not been subject to a mandatory minimum sentence.  However, Amendment 782 did not change the fact that the defendant was subject to a mandatory minimum sentence of 240 months, which would establish his guideline range as 240 months under U.S.S.G. § 5G1.1(b). Since a range of 240 months is not lower than the range of 240 to 262 months actually used at sentencing, the defendant's sentencing range has not been lowered.

Had the Government moved for a reduction below the mandatory minimum sentence based on the defendant's substantial assistance, the Court would have been able to disregard the mandatory minimum sentence when determining the amended guideline range, and the defendant would have been eligible for a sentence reduction.  *See* U.S.S.G. § 1B1.10(c) (2014).  However, the Government made no such motion in this case.  Accordingly, the Court finds the defendant's guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the defendant's *pro se* motion for a sentence reduction (Doc. 258).

**IT IS SO ORDERED.**
**DATED:   January 21, 2016**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**