IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

DONALD RAY FOULKS,

    Defendant.

Case No. 07-cr-40020-JPG-003

## **MEMORANDUM AND ORDER**

This matter comes before the Court on various motions filed by defendant Donald Ray Foulks:

- the defendant's *pro se* motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 307);

- an amended motion for a reduction based on the same authority but filed by counsel (Doc. 310). The Government has responded (Doc. 318); and

- a motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 314).

Foulks pled guilty to one count of conspiracy to distribute more than 50 grams of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Foulks's relevant conduct was 9.9 kilograms of crack cocaine, which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 (2007) yielded a base offense level of 38. This level was increased by two points because Foulks possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G. § 2D1.1(b), and decreased by three points because Foulks timely accepted responsibility for his crime, *see* U.S.S.G. § 3E1.1(a), (b), which yielded a total offense level of 37. Considering Foulks' criminal history category of I, this resulted in a sentencing range of 210 to 262 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Foulks' statutory minimum sentence was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to

U.S.S.G. § 5G1.1(c)(2), his effective guideline sentencing range became 240 to 262 months. The Court sentenced Foulks to serve the statutory minimum sentence of 240 months.

The Government does not object to a reduction in the term of imprisonment to 177 months pursuant to the First Step Act. The parties agree that, following passage of the First Step Act, Foulks's statutory sentencing range is now 10 years to life. They also agree that following changes to U.S.S.G. § 2D1.1 made by Amendment 782, Foulks's total offense level is now 35, bringing his guideline sentencing range down to 168 to 210 months. The parties have agreed to a reduction to 177 months of imprisonment. In light of the parties' agreement on the defendant's eligibility for a reduced sentence under the First Step Act and Amendment 782 and on the magnitude of an appropriate reduction, the Court **GRANTS** the defendant's amended motion for a reduction (Doc. 310) and will enter a separate order of reduction in the Court's standard format.

In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 307). Further, since it appears that this order will result in the defendant's processing for release in short order, the Court **DENIES as moot** the defendant's *pro se* motion for compassionate release (Doc. 314).

**IT IS SO ORDERED.**
**DATED:   May 22, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **U.S. DISTRICT JUDGE**